**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEANDRIS ANTHONY RODRIGUEZ DIEBRA,

Petitioner,

v. No. 1:26-cv-02213-DHU-JHR

FNU LNU, Warden, Torrance County Detention Center, et al.,

Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. Doc. 1. Having considered the parties' briefs, the record of the case, and the relevant law, the Court **GRANTS IN PART** the Petition.

This case is not the first of its kind. This Court has already considered the statutory and constitutional issues raised by Petitioner in *Mendibaev v. Lyons*, 1:25-cv-01308-DHU-GBW, 2026 WL 917457 (D.N.M. Apr. 4, 2026) and *Perez Hernandez v. Rios*, 2:26-cv-00170-DHU-LF, Doc. 11 (D.N.M. Aug. 7, 2026). The Court incorporates by reference *Mendibaev* and *Perez Hernandez* in this case and finds that Petitioner's re-detention after the termination of his parole was lawful;[1] Petitioner is an "arriving alien" subject to 8 U.S.C. § 1225(b)(1); and that the Petitioner is entitled to an opportunity to seek release on bond in a bond hearing under the Due Process Clause.

---

[1] Petitioner's parole was originally valid until December 15, 2026. Doc. 1 at 31; Doc. 7 at 1. However, on February 28, 2026, Immigration and Customs Enforcement ("ICE") terminated Petitioner's parole following his arrest in Texas for fraudulent use of identification and resisting arrest. Doc. 7 at 2. ICE issued Petitioner a Notice to Appear and then took him into immigration custody. Doc. 7 at 2; Doc. 7-2 at 1; *see also* 8 C.F.R. § 212.5(e)(2)(i) (stating that valid parole may be terminated upon service of a charging document); 8 C.F.R. § 244.1 (listing a Notice to Appear as a charging document).

However, given that the statutory scheme applicable to Petitioner contemplates mandatory detention, the Court declines to shift the burden of proof to the Government at said hearing.

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") **within seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing within seven (7) days, he shall be immediately released. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court **within ten (10) days** of this Order confirming whether a bond hearing was held and the result of said hearing.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE